UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**United States of America,**

    Plaintiff,

v.

**Richard Gregory Maertens,**

    Defendant.

Criminal No. 05-348 (JMR-JJG)

**REPORT
AND
RECOMMENDATION**

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on March 16, 2006, on the pretrial motions of defendant Richard Maertens. Andrew Winter, Assistant United States Attorney, appeared on behalf of the Government. Lyonel Norris, Assistant Federal Public Defender, appeared on behalf of Mr. Maertens (Maertens), who here advances a Motion to Dismiss the Indictment (Doc. No. 22). This motion is referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

After officers observed Maertens cultivating marijuana on the Sherburne National Wildlife Refuge, he was indicted for manufacture of marijuana in violation of 21 U.S.C. § 841. Maertens moves to dismiss the indictment, asserting that this offense is preempted by other federal offenses. In support of this argument, Maertens cites 16 U.S.C. § 668dd, which authorizes the Secretary of the Interior to promulgate regulations for the use of national wildlife refuges; and 50 C.F.R. § 27.82, which bars delivery or possession of controlled substances on a national wildlife refuge.

It is common for a single course of conduct to constitute several separate offenses. This issue is significant when separate statutes criminalize similar conduct but impose disparate penalties. *See generally*

4 Wayne R. LaFave, Jerold H. Israel & Nancy J. King, *Criminal Procedure* § 13.7(a) (2d ed. 1999). The effect of such "overlapping offenses" was examined by the U.S. Supreme Court in *United States v. Batchelder*. It unanimously held that, unless there was a clear indication that Congress intended one offense to preempt another, prosecution for an overlapping offense does not violate due process. 442 U.S. 114, 121-22 (1979).

Maertens cites statutes that do not, in any cogent sense, overlap one another. The section under which he was charged, 18 U.S.C. § 841, criminalizes the manufacture of marijuana. The purported overlapping section, 16 U.S.C. § 668dd, outlines the authority of the Secretary of the Interior to regulate national wildlife refuges. There is no indication that, by passing the latter, Congress intended to limit the prosecution for manufacturing marijuana in national wildlife refuges. And assuming for the sake of argument that the regulation, 50 C.F.R. § 27.82, is inconsistent, this Court cannot use it to determine Congressional intent. *See United States v. Layne*, 847 F.Supp. 888, 890-92 (D.Utah 1994).

To support his argument, Maertens principally relies on the decision of the Ninth Circuit in *United States v. Richardson*. The court considered whether one offense, for a false statement to a federal agency, was inconsistent with another offense, for when a federal employee makes a false statement to obtain workers' compensation. It observed that, when the latter offense was enacted, Congress expressly provided that all inconsistent provisions would be repealed. So when a federal employee made a false statement to obtain benefits, that person could not be prosecuted for the former offense. 8 F.3d 15, 17 (9th Cir. 1993) (per curiam).

*Richardson* involved circumstances where an overlapping offense was expressly and unambiguously preempted by Congress. The decision of the Ninth Circuit is consistent with the principles

set out in *Batchelder*. But Maertens does not cite any provisions, or any other authorities, that indicate whether Congress intended to preempt 18 U.S.C. § 841. His reliance on *Richardson*, therefore, is insufficient.

For the reasons discussed above, this Court concludes that dismissal is not appropriate. Being advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Maertens' motion to dismiss the indictment (Doc. No. 22) be **DENIED.**

Dated this 24th day of March, 2006.                             s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 12, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.